UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANE A. ISCARO,

        Petitioner,         Case Number: 06-11269-BC
                              Honorable David M. Lawson

v.

JAN TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Dane A. Iscaro, has filed a petition for a writ of habeas corpus through counsel pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of his constitutional rights. The petitioner, who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions for assault with intent to commit murder and possession of a firearm during the commission of a felony ("felony firearm"). He was sentenced to consecutive prison terms of fourteen to forty years and two years, respectively. Now before the Court is the petitioner's motion for stay of proceedings. The petitioner seeks to stay these proceedings so that he may return to state court to exhaust three unexhausted claims. The Court shall grant the petitioner's motion, stay the present petition provided that the petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

I.

In 2003, the petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and felony firearm, Mich. Comp. Laws § 750.227b. The trial court sentenced the petitioner to a prison term of fourteen to forty years for the assault with intent to murder conviction,

to be served consecutively to two years imprisonment for the felony firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Iscaro*, No. 246077 (Mich. Ct. App. Apr. 29, 2004). On December 29, 2004, the Michigan Supreme Court denied leave to appeal. *People v. Iscaro*, 471 Mich. 948, 690 N.W.2d 110 (2004) (table).

The petitioner filed a petition for a writ of habeas corpus, on March 27, 2006, setting forth the following grounds for relief:

I. Petitioner was denied his right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the state court refused to instruct the jury on the law of self-defense.

II. Petitioner was denied his right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the state court admitted evidence that the gun used in the shooting was stolen.

III. Petitioner was denied effective assistance of counsel in violation of his Sixth Amendment rights when his attorney failed to properly investigate, prepare, and present the defendant's self-defense claim at trial.

IV. Petitioner was denied due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the prosecuting attorney failed to correct false testimony of the complaining witness.

V. Petitioner was denied due process of law and a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments by the cumulative effect of the constitutional errors that occurred at his trial.

In the petition, the petitioner states that the foregoing third, fourth, and fifth claims are unexhausted and that soon after filing the petition, the petitioner would move for a stay of these proceedings so that the petitioner may return to state court to exhaust his state court remedies. The petitioner has now filed a motion to stay.

II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition.

The petitioner concedes that his petition is a "mixed" one because three of the claims presented in his habeas petition, the third, fourth, and fifth claims, are unexhausted. He asks the Court to stay further proceedings in this matter while he returns to state court to exhaust these claims.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. Consequently, the petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts have an opportunity to decide the claims and correct any violations of constitutional magnitude that may have occurred.

A federal court may stay a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided that there is good cause for the failure to exhaust claims and the unexhausted claims are not "plainly meritless."

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court specifically recognized that the "stay-and-abeyance" procedure is appropriate where outright dismissal of the petition would jeopardize the timeliness of a future petition. *Id*. at 275.

In this case, the Court finds a dismissal of the petition may render a subsequent petition in this Court untimely. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on December 29, 2004. *People v. Iscaro*, 471 Mich. 948, 690 N.W.2d 110 (2004). The petitioner's conviction became final ninety days later, on March 29, 2005, when the time during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, March 30, 2005. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on March 27, 2006. The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, if the Court does not stay this petition and dismisses it as a "mixed" petition, the limitations period will have expired on March 30, 2006 and the petitioner would be unable to seek review of his habeas petition.

The petitioner states that he has good cause for failing to exhaust his habeas claims previously because appellate counsel failed to present them on direct review and the petitioner, who is unlearned in the law, did not have the knowledge to raise them in a *pro se* brief. The Court is satisfied that good cause has been shown for the failure to exhaust to date. *See Pace v. DiGuglielmo*,

544 U.S. 408, ___, 125 S. Ct. 1807, 1813-14 (2005) (holding that a petitioner's reasonable confusion regarding state filing requirements will ordinarily constitute good cause for him to file in federal court). The Court is further satisfied that the claims are potentially meritorious and that the petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 278.

To avoid injustice, the Court will allow the petitioner to return to state court exhaust his unexhausted claims and the Court will stay further proceedings in the current action provided that the petitioner acts promptly. When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that the petitioner does not delay in exhausting his state court remedies, the Court imposes upon the petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The petitioner must present his claims in state court within fifty-six days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies. *See id.* "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781.

### III.

Accordingly, it is **ORDERED** that the petitioner's Motion for Stay of Proceedings is **GRANTED**. The petitioner may file a motion for relief from judgment with the state trial court within **fifty-six days** from the date of this order. If the petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

The Court warns the petitioner that the one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid*. If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 21, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 21, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS