UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE A. ISCARO,

        Petitioner,                      Civil No. 06-11269
                                                          Honorable David M. Lawson

v.

CINDI S. CURTIN

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed an amended petition for a writ of habeas corpus on October 22, 2007. On March 21, 2012, the Court entered an opinion and order denying the petition, determining that the petitioner's due process rights were not violated by the state court's refusal to give a self-defense instruction, the admission of evidence that the gun used in the shooting was stolen, alleged false testimony by the complaining witness or the cumulative effect of errors at trial, and that the petitioner was not denied the effective assistance of counsel. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate whether the petitioner's due process rights were violated by the state court's refusal to give a self-defense instruction, the admission of evidence that the gun used in the shooting was stolen, alleged false testimony by the complaining witness or the cumulative effect of errors at trial, or whether the petitioner was denied the effective assistance of counsel. Therefore, the Court will deny a certificate of appealability on these issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 21, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL